# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

————

FILED: January 9, 2019

No. 18-1160

KORNITZKY GROUP, LLC, D/B/A AEROBEARINGS, LLC,
PETITIONER

v.

DANIEL K. ELWELL, ACTING ADMINISTRATOR, FEDERAL
AVIATION ADMINISTRATION AND NATIONAL
TRANSPORTATION SAFETY BOARD,
RESPONDENTS

————

On Motion for Stay of Oral Argument
Due to Lapse in Appropriations and
Motion for Expedited Consideration

————

Before: SRINIVASAN*, *Circuit Judge*, and EDWARDS* and
RANDOLPH**, *Senior Circuit Judges*

## **O R D E R**

Upon consideration of the motion of respondent FAA for stay of oral argument due to lapse in appropriations, and the opposition thereto, and the motion of petitioner for expedited consideration, it is

**ORDERED** that the motion for stay of oral argument be denied. It is

**FURTHER ORDERED** that the motion for expedited consideration be dismissed as moot.

### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/ Ken Meadows, Jr.
Deputy Clerk

\* A statement by Circuit Judge Srinivasan and Senior Circuit Judge Edwards, concurring in the denial of the motion for stay of oral argument, is attached.

\*\* Senior Circuit Judge Randolph would grant the motion. A statement by Senior Circuit Judge Randolph, dissenting from the denial of the motion for stay of oral argument, is attached.

———

SRINIVASAN, *Circuit Judge*, and EDWARDS, *Senior Circuit Judge*, concurring in the denial of the motion:

The Antideficiency Act provides that "[a]n officer or employee of the United States Government or of the District of Columbia government may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342.

The Department of Justice has issued a contingency plan setting forth the Department's planned operations during a lapse in appropriations in Fiscal Year 2019. U.S. Dep't of Justice, FY 2019 Contingency Plan (Sept. 11, 2018), https://www.justice.gov/jmd/page/file/1015676/download. The Department's plan "assumes that the Judicial Branch will continue to operate through the furlough." *Id.* at 3. For civil litigation, the Department instructs government attorneys to request that active cases be postponed until funding is available. *Id.* If a court denies the request and adheres to its existing schedule, "the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue" within the meaning of § 1342. *Id.* That understanding of the statute presumably governs the Federal Aviation Administration's participation in this case. Petitioner, for its part, wishes to continue with oral argument as scheduled. There is thus no dispute that conducting argument as scheduled is consistent with § 1342.

Our disposition of this motion is perfectly consistent with this court's application of § 1342 in prior cases. For example, when federal appropriations lapsed in 2013, resulting in a "shutdown" from October 1 to October 17, 2013, the court received Government motions to stay oral argument in at least sixteen cases. Every one of these motions was denied; and every time, the Government then participated in oral argument. *See* Order, *Wilson v. Cox*, No. 12-5070 (D.C. Cir. Oct. 16,

2013); Order, *Am. Tort Reform Ass'n v. OSHA*, No. 12-1229 (D.C. Cir. Oct. 9, 2013); Order, *Janko v. Gates*, No. 12-5017 (D.C. Cir. Oct. 9, 2013); Order, *Mittleman v. Postal Regulatory Comm'n*, No. 12-1095 (D.C. Cir. Oct. 9, 2013); Order, *Roane v. Leonhart*, No. 12-5020 (D.C. Cir. Oct. 9, 2013); Order, *United States v. Regenerative Sciences, LLC*, No. 12-5254 (D.C. Cir. Oct. 9, 2013); Order, *Aamer v. Obama*, No. 13-5223 (D.C. Cir. Oct. 8, 2013); Order, *Daimler Trucks N. Am. LLC v. EPA*, No. 12-1433 (D.C. Cir. Oct. 8, 2013); Order, *Howard R.L. Cook & Tommy Shaw Found. for Black Emps. of the Library of Cong. v. Billington*, No. 12-5193 (D.C. Cir. Oct. 7, 2013); Order, *Nat. Res. Def. Council v. EPA*, No. 10-1371 (D.C. Cir. Oct. 3, 2013); Order, *Ctr. for Biological Diversity v. EPA*, No. 12-1238 (D.C. Cir. Oct. 2, 2013); Order, *Pub. Emps. for Envtl. Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mex.*, No. 12-5158 (D.C. Cir. Oct. 2, 2013); Order, *Sledge v. Fed. Bureau of Prisons*, No. 12-5287 (D.C. Cir. Oct. 2, 2013); Order, *Town of Barnstable, Mass. v. FAA*, No. 12-1362 (D.C. Cir. Oct. 2, 2013); Order, *Adirondack Med. Ctr. v. Sebelius*, No. 12-5366 (D.C. Cir. Oct. 1, 2013); Order, *McKinley v. Fed. Hous. Fin. Agency*, No. 12-5267 (D.C. Cir. Oct. 1, 2013).

In every one of these motions, Government counsel specifically cited the statute at issue here, 31 U.S.C. § 1342. *See, e.g.*, Appellees' Unopposed Motion to Postpone Oral Argument in Light of Lapse of Appropriations at 2, *Wilson v. Cox*, No. 12-5070 (D.C. Cir. Oct. 15, 2013); Unopposed Motion for a Stay of Oral Argument in Light of Lapse of Appropriations at 1–2, *Ctr. for Biological Diversity v. EPA*, No. 12-1238 (D.C. Cir. Oct. 1, 2013); Federal Appellee's Motion to Postpone Oral Argument in Light of Lapse of Appropriations at 1–2, *McKinley v. Fed. Hous. Fin. Agency*, No. 12-5267 (D.C. Cir. Oct. 1, 2013); Appellee's Motion to Postpone Oral Argument in Light of Lapse of Appropriations

at 1–2, *Pub. Emps. for Envtl. Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mex.*, No. 12-5158 (D.C. Cir. Oct. 1, 2013). So far as we have been able to determine, not a single motion seeking a stay was granted during the 2013 shutdown.

Finally, during the current Government shutdown, our practice has been the same. *See, e.g.*, Order, *Leader Commc'ns, Inc. v. FAA*, No. 18-1147 (D.C. Cir. Jan. 7, 2019) (denying motion to stay briefing); Order, *Figueroa v. Pompeo*, No. 18-5064 (D.C. Cir. Jan. 3, 2019) (denying motion to stay oral argument).

The dissent cites an order issued in *Estate of Klieman v. Palestinian Authority* in support of its position regarding the meaning of 31 U.S.C. § 1342. *See* Order, *Estate of Klieman v. Palestinian Auth.*, No. 15-7034 (D.C. Cir. Jan. 3, 2019). The order in that case is inapposite. *Klieman* is a case in which the Government is not a party. The Government's motion in *Klieman* was to extend the time to file an amicus brief that the court had invited *sua sponte*. The Government was not even required to respond to the invitation (and unlike in this case, neither of the litigants opposed the Government's motion). Hence, the *Klieman* order is not a precedent for how panels should respond to motions in cases in which the Government is a party and is compelled by the court to adhere to filing requirements. The request for an extension in a case in which the Government has been invited to file an amicus brief is quite different from a request in a case in which the Government is a party.

Randolph, *Senior Circuit Judge, dissenting*:

The Constitution states that "no money shall be drawn from the treasury, but in consequence of appropriations made by law." U.S. Const. art. I, § 9, cl. 7. The treasury is also protected by the Anti-Deficiency Act, which prohibits employing federal personnel in advance of appropriations except in emergencies, unless otherwise authorized by law.

In light of the current government "shutdown," the Federal Aviation Administration moved for a stay of the oral argument scheduled for January 11, 2019. The FAA explained that under 31 U.S.C. § 1342,[1] its attorneys "are prohibited from working, even on a voluntary basis, except in very limited circumstances, including 'emergencies involving the safety of human life or the protection of property.'" Mot. Stay Oral Arg. 2 (quoting *id.*).

What then is the rationale for denying the FAA's motion?

It cannot be that having oral argument in this case on January 11, 2019, will avert some emergency within the meaning of § 1342. An opinion of the Office of Legal Counsel concludes, correctly I believe, that "the emergencies exception applies only to cases of threat to human life or property where the threat can be reasonably said to be near at hand and demanding of immediate response." Government Operations in the Event of a Lapse in Appropriations, 1995 WL 17216091, at *7 (O.L.C. Aug. 16, 1995). Holding oral argument January 11 is not a necessary response to some imminent threat to human life or property. (There may have been an emergency at the

---

[1] Section 1342 states, in relevant part: "An officer or employee of the United States Government or of the District of Columbia government may not accept voluntary services for either government or employ personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property."

administrative stage of this case regarding the safety of equipment petitioner repaired, but that emergency passed when the FAA revoked petitioner's certificate.)

Perhaps the idea is that the Judiciary is free to disregard the restrictions of § 1342.  But it seems to me that a federal court may refuse to comply with this statute only if it is unconstitutional.   Given the Appropriations Clause of the Constitution, the constitutionality of § 1342 is beyond doubt.

Or perhaps the idea is that because § 1342 contains the clause "exceeding that authorized by law," judges may circumvent the statutory restriction by authorizing federal officers and employees to show up in court.  This, of course, is blatant bootstrapping.  A court order requiring or authorizing a government attorney's presence may immunize the attorney from the sanctions for violating § 1342.  *See* 31 U.S.C. § 1349. But it does not relieve the court from its responsibility to comply with the law.  The "authorized-by-law" clause has been on the statute books for nearly 200 years, and it has a settled meaning. Authority for the Continuance of Government Functions During a Temporary Lapse in Appropriations, 43 U.S. Op. Att'y Gen. 293, 296 & n.5 (1981).  It does not confer a license on the Judiciary.  Instead, the clause requires legal authority for the obligation of public funds, either from appropriations or other relevant statutes, or – in the case of Executive authority – from the Constitution itself.  *Id.* at 295–301.[2]

---

[2] The Department of Justice "construe[d] the 'authorized by law' exception contained within 31 U.S.C. § [1342] as exempting from the prohibition enacted by the second clause of that section not only those obligations in advance of appropriations for which express or implied authority may be found in the enactments of Congress, but also those obligations necessarily incident to presidential intiatives [sic] undertaken within his constitutional powers." *Id.* at 301.

The majority opinion, which itself contains no legal analysis, relies on orders denying stays during shutdowns.[3] But those orders also contain no legal analysis. The majority's argument must be that because we have denied these stay motions in the past we should do so again. Charles Dickens had a few words about this form of argumentation: "'Whatever is is right'; an aphorism that would be as final as it is lazy, did it not include the troublesome consequence, that nothing that ever was, was wrong." Charles Dickens, *A Tale of Two Cities* 65 (Signet Classics) (1859).

---

[3] On the other hand, the Administrative Office of United States Courts, in a press release on January 7, 2019, reported that federal courts, in response to motions of the Department of Justice, "have issued orders suspending, postponing, or holding in abeyance civil cases in which the government is a party for a limited period, subject to further consideration, or until appropriated funds become available." Press Release, United States Courts, Judiciary Operating on Limited Funds During Shutdown (Jan. 7, 2019). See also *Estate of Klieman v. Palestinian Authority*, No. 15-7034 (D.C. Cir. Jan. 3, 2019) (per curiam order), granting the Justice Department's § 1342 motion for a stay of a briefing deadline in light of the government shutdown.