# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Filed: January 14, 2019

No. 18-5074

PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, ET AL.,
APPELLANTS

v.

UNITED STATES DEPARTMENT OF AGRICULTURE AND ANIMAL
AND PLANT HEALTH INSPECTION SERVICE,
APPELLEES

———

On Motion to Stay Oral Argument
in Light of the Lapse of Appropriations

———

Before: GARLAND, *Chief Judge*, KATSAS\*, *Circuit Judge*, and WILLIAMS, *Senior Circuit Judge*.

## **O R D E R**

Upon consideration of the motion of appellee to stay oral argument in light of the lapse of appropriations, it is

2

**ORDERED** that the motion be denied.  This case remains scheduled for oral argument on January 25, 2019.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY: /s/
Michael C. McGrail
Deputy Clerk

* A statement by Circuit Judge Katsas, concurring in the denial of the motion to stay oral argument, is attached.

3

KATSAS, *Circuit Judge*, concurring:

The Antideficiency Act states that officers and employees of the United States may not "employ personal services exceeding that authorized by law," except for "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. Given the current lapse of appropriations, this provision would seem to bar the Acting Attorney General from dispatching Department of Justice attorneys to defend this appeal. For one thing, the appeal obviously presents no emergency involving human safety or property; to the contrary, it involves only a question whether the Department of Agriculture must release certain information that the plaintiffs desire for their "research and animal protection advocacy." Brief for Appellants at 2, *People for the Ethical Treatment of Animals v. USDA*, No. 18-5074 (D.C. Cir. Nov. 15, 2018). Likewise, without any current appropriation to fund DOJ activities, any "personal services" employed to defend the appeal would seem to be *not* "authorized by law." The counter-argument must be that activity not otherwise "authorized by law" becomes so when this Court orders it. The position appears troubling, for a judicial decree resting on that premise—"*la loi, c'est nous*"—seems little better than an executive decree resting on "*l'état, c'est moi*." *See Kornitzky Grp., LLC v. Elwell*, No. 18-1160, 2019 WL 138710, at *2–3 (D.C. Cir. Jan. 9, 2019) (Randolph, J., dissenting).

Despite these misgivings, I join my colleagues' decision to deny the government's request to stay the upcoming oral argument in this case. I do so for two reasons: First, a panel of this Court recently denied a stay of oral argument in *Kornitzky*, and two judges joined a published concurrence rejecting Judge Randolph's position. The stay motion in this case acknowledged our *Kornitzky* order but presented no reason for disregarding its arguable precedential effect.

Second, the stay motion presented no significant argument regarding the "authorized by law" issue noted above. The scope of the Antideficiency Act is not a question implicating our subject-matter jurisdiction, so we need not consider arguments not fairly raised by the parties. Accordingly, we should deny the government's stay motion in this case, but I remain open in future cases to arguments about whether a judicial order can supply the legal authorization required by the Antideficiency Act, as well as arguments about whether that issue remains open in this circuit after *Kornitzky*.[1]

---

[1] Likewise, I express no view on what it means to "employ personal services" under section 1342—an issue raised neither here nor in *Kornitzky*.