# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed: January 15, 2019

No. 18-1157

AIR TRANSPORT ASSOCIATION OF AMERICA, INC., D/B/A
AIRLINES FOR AMERICA,
PETITIONER

v.

FEDERAL AVIATION ADMINISTRATION,
RESPONDENT

PORT OF PORTLAND,
INTERVENOR

———

On Motion for Stay of Briefing Schedule for Final Brief
in Light of Lapse of Appropriations

———

Before: ROGERS and TATEL, *Circuit Judges*, and RANDOLPH*,
*Senior Circuit Judge*

## **O R D E R**

Upon consideration of the motion of respondent for stay of the briefing schedule for final brief in light of the lapse of appropriations, and the opposition thereto, it is

2

**ORDERED** that the motion be denied.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
        Ken Meadows
        Deputy Clerk

* A statement by Senior Circuit Judge Randolph, dissenting from the denial of the motion for stay of the briefing schedule for final brief, is attached.

RANDOLPH, *Senior Circuit Judge*, *dissenting*:

For the reasons stated in *Kornitzky Group, LLC v. Elwell*, No. 18-1160, ___ F.3d ___, 2019 WL 138710, at *2–3 (D.C. Cir. Jan. 9, 2019) (Randolph, J., dissenting), I dissent from the panel's denial of the motion for a stay. The majority's order in effect directs a government attorney to perform work unrelated to any "emergencies involving the safety of human life or the protection of property" and not otherwise "authorized by law" in violation of the Anti-Deficiency Act. 31 U.S.C. § 1342.

After we published the opinions in *Kornitzky*, it came to my attention that several days earlier a different panel, in response to the government's § 1342 motion, granted an extension of the briefing schedule in a case in which the government is a party. *See United States v. Vasquez-Benitez*, No. 18-3076 (D.C. Cir. Jan. 3, 2018) (per curiam order). We now have another panel's grant of a similar extension, albeit in a case that will be submitted without oral argument. *See Franklin-Mason v. Spencer*, No. 17-5135 (D.C. Cir. Jan. 10, 2018) (per curiam order).

It is obvious that our circuit has not settled upon any principled way of deciding these stay motions. There is no analytical difference between a motion to stay a briefing schedule (as in this case) and a motion to postpone oral argument (as in *Kornitzky*).